IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| SEAN RONAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No.: |
| HOME DEPOT U.S.A., INC., | ) ) ) |
| Defendant. | ) |

2016L003885
CALENDAR/ROOM H
TIME 00:00
Premises Liability

## COMPLAINT AT LAW

NOW COMES the Plaintiff, SEAN RONAN, by and through his attorneys, **DEUTSCHMAN & ASSOCIATES, P.C.**, and complaining of the Defendant, HOME DEPOT U.S.A., INC., and states as follows:

1. That on and prior to October 22, 2008, the Defendant, HOME DEPOT U.S.A., INC. was a foreign corporation, authorized and doing business in the City of Chicago, County of Cook and State of Illinois.

2. That at all times herein, the Defendant, HOME DEPOT U.S.A., INC. owned, operated, controlled, maintained and managed a Home Depot store located at 2555 N. Normandy, in the City of Chicago, County of Cook and State of Illinois.

3. That on October 22, 2008, the Plaintiff was a business invitee of the Home Depot store located at 2555 N. Normandy, in the City of Chicago, County of Cook and State of Illinois.

4. That at said time and place while the Plaintiff was traversing the facility when the Plaintiff slipped and fell on oil that leaked from a pipe-cutting machine. The Plaintiff was caused to, and did in fact, injure himself due to the dangerous condition, and as a direct and proximate result of the negligence of the Defendant in allowing said condition to be present for an unreasonable length of time and had notice of said

condition and failed to correct it and/or cordon off the area within a reasonable period of time.

5. At said time and place, the Plaintiff, SEAN RONAN, was in the exercise of all due care and caution for his own safety.

6. That at all times mentioned herein, there was in full force and effect a certain statute of the State of Illinois commonly known as the Premises Liability Act, Chapter 740, Illinois Compiled Statutes, Section 130/1 *et sequitur* and this complaint is brought pursuant to this statute.

7. It was the duty of the Defendant, HOME DEPOT U.S.A., INC., to maintain the premises in such a manner so as not to cause a dangerous and hazardous condition for the general public, including the Plaintiff herein, while traversing the property.

8. Notwithstanding said duty, the Defendant, HOME DEPOT U.S.A., INC., through its duly authorized agents, servants and employees were then and there guilty of one or more or all of the following negligent acts and/or omissions:

(a) Failed to properly maintain the premises in such a manner as to keep the premises in a reasonably safe condition so as to allow safe passage thereon;

(b) Failed to inspect the premises to identify and rectify any dangerous and hazardous conditions;

(c) Failed to remove and/or clean up the oil with sand, sawdust or some other type of product used to soak up oil so that the individuals traversing the premises would not injure themselves;

(d) Allowed and permitted the aforementioned premises to become and remain in a dangerous condition;

(e) Failed to warn the Plaintiff of the dangerous condition of the oil on the floor of the premises, although the Defendant knew or in the exercise of ordinary care should have known that said warning was reasonably necessary to prevent injury to the Plaintiff;

(f) Failed to provide a reasonable and safe means of ingress and egress, to, from and across the premises; and

(g) Failed to provide barricades, cones, or any other type of warning devices indicating that a hazardous condition existed.

9. As a direct and proximate result of one or more or all of the aforementioned acts or negligence and carelessness on the part of the Defendant, while the Plaintiff was walking across the premises, he slipped on oil on the floor and fell causing severe and permanent injuries; he has suffered, and will continue to suffer, pain and disabilities; he has incurred, and will continue to incur, the expenditure of large sums of money for the treatment of said injuries; he has been and will in the future be kept from attending to his ordinary affairs and duties, he has lost, and will continue to lose great gains and profits he otherwise would have acquired but for said injuries sustained.

WHEREFORE, the Plaintiff, SEAN RONAN, prays for judgment against the Defendant, HOME DEPOT U.S.A., INC., in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of suit.

Respectfully submitted,

_____
ATTORNEYS FOR PLAINTIFF

JEFFREY S. DEUTSCHMAN
**DEUTSCHMAN & ASSOCIATES, P.C.**
77 West Washington Street, Ste. 1525
Chicago, IL 60602
312/419-1600
Attorney No.: 40171

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

SEAN RONAN,                  )
                             )
　　　Plaintiff,              )
                             )
vs.                          )   No.:
                             )
HOME DEPOT U.S.A., INC.,     )
                             )
　　　Defendant.              )

## RULE 222 AFFIDAVIT

　　　Pursuant to Illinois Supreme Court rule 222(b), the plaintiff states that the total of money damages being sought in the above captioned case does exceed $50,000.00. This affidavit shall not be admissible in evidence at trial.

　　　Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, *Ill. Comp. Stat.*, ch.735, section 1-109, the undersigned certifies that the statements set forth in this First Amended Complaint at Law are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　JEFFREY DEUTSCHMAN
　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

JEFFREY S. DEUTSCHMAN
**DEUTSCHMAN & ASSOCIATES, P.C.**
77 West Washington Street, Suite 1525
Chicago, IL 60602
(312) 419-1600
Atty. No. 40171